UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISON LAVIGNE, a Maryland resident, and MICHAEL COTTMAN, a Maryland resident,

        Plaintiffs,

  v.

SIREN HOSPITALITY, LLC, a/k/a THE SIREN HOTEL, a Michigan limited liability corporation,

        Defendant.

Case No.
Hon.

_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiffs
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiffs
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.net

_____/

**COMPLAINT AND JURY DEMAND**

Plaintiffs Alison Lavigne and Michael Cottman, both residents of the State of Maryland, by and through their attorneys The Perkins Law Group, PLLC and Law Offices of Joel B. Sklar, file this Complaint and Jury Demand and state:

1. Plaintiff Alison Lavigne is a resident of the State of Maryland.

2. Plaintiff Michael Cottman is a resident of the State of Maryland.

3. Defendant Siren Hospitality, LLC, a/k/a The Siren Hotel ("The Siren Hotel" or "The Siren") is an innkeeper located in Detroit, Michigan which is in this Judicial District.

4. All of the acts and omissions which give rise to this action all took place in Wayne County, Michigan which is located in this Judicial District.

5. This Court has subject matter jurisdiction over the instant civil action pursuant to 28 USC §1332 as the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs and is between citizens of different States.

## COMMON FACTUAL ALLEGATIONS

6. Plaintiffs reallege paragraphs 1 through 5.

7. Plaintiffs were guests of The Siren Hotel (1509 Broadway) on November 16, 2021.

8. Plaintiffs were in town for the sold-out Rolling Stones concert in the City of Detroit.

9. Sometime during the early morning hours of November 16, 2021, a masked intruder broke into Plaintiffs' hotel room.

10. Plaintiff Michael Cottman was startled by a masked intruder who was hovering over Plaintiffs' bed and demanded money.

11. Plaintiffs Cottman and Lavigne were terrified and fearful they would be killed or otherwise injured.

12. Plaintiff Michael Cottman stood up, shouted at the intruder and chased him out of the room.

13. Plaintiffs were mortified and traumatized.

14. Plaintiffs gathered themselves as best they could and immediately reported the incident to the front desk who reported the break-in to the City of Detroit police.

15. Plaintiff Michael Cottman spoke to hotel employees who advised that other guests had also complained of a man banging on doors and demanding entry.

16. Plaintiffs spoke with Nicole Hay, The Siren's Assistant General Manager.

17. Plaintiffs learned that while Defendant required guests to use a key card to use the elevator, the stairway off the lobby was unrestricted meaning anyone off the street could use the stairway for access to rooms occupied by guests.

18. The unrestricted stairway allowed non-guests of the Hotel easy, unimpeded access to rooms occupied by guests, like Plaintiffs, who trusted and relied upon Defendant to provide sufficient security for the safety.

19. Nicole Hay told Plaintiffs the Hotel does not employ security over the weekdays despite knowledge of the break-ins and threats to guests.

20. The Siren Hotel is located in a high-crime area in the City of Detroit and has a history of break-ins, larcenies, assaults and threats toward guests in their rooms.

## COUNT I

## NEGLIGENCE

21. Plaintiffs reallege and incorporate paragraphs 1 through 20 as though fully set forth herein.

22. A special relationship (innkeeper/guest) existed between Plaintiffs and Defendant.

23. Plaintiffs entrusted themselves to the control and protection of Defendant, with a consequent loss of control to protect themselves.

24. Defendant owed Plaintiffs a duty of care to take reasonable measures for their safety, especially with knowledge of The Siren's history of break-ins and assaults of its guests, like Plaintiffs, while staying at the Hotel.

25. Plaintiffs, as guests of Defendant, were identifiable victims of crime and/or Defendant created a condition conducive to criminal assault.

26. Defendant breached their duty of care to Plaintiffs.

27. As a direct and proximate cause of Defendant's negligence, Plaintiffs suffered personal injuries including shock, fear, terror, anxiety, depression, the loss of the pleasures of life and other injuries which will continue beyond this litigation.

**ACCORDINGLY,** Plaintiffs Alison Lavigne and Michael Cottman ask this Court to enter Judgment against Defendant Siren Hospitality, LLC, a/k/a The Siren Hotel in excess of $75,000.00, together with attorney fees, costs and interest.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiffs
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
THE PERKINS LAW GROUP, PLLC
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
Attorneys for Plaintiffs
tperkins@perkinslawgroup.net

Dated: January 30, 2023

## **JURY DEMAND**

Plaintiffs Alison Lavigne and Michael Cottman demand a jury trial for this cause of action.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiffs
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
THE PERKINS LAW GROUP, PLLC
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
Attorneys for Plaintiffs
tperkins@perkinslawgroup.net

Dated:  January 30, 2023